BARFIELD, Judge,
dissenting:
The specific allegations of the motion upon which the majority reverses are as follows:
On 3-12-90 I wrote Mr. Robert Travis, Jr. a letter with seven (7) names of people who were in the cell with me, who would have testified in my behalf, plus the name of the jailer who was on duty that night. The names I sent to him are not the names in Record on Appeal for defendant’s witness list on page (24). On 7-25-90 over four months later, Mr. Travis had not contacted not one of the witnesses for defense on the letter I sent him to testify in my defense. Also on 7-25-90 Donnell Harris one of my witnesses on the list I sent to Mr. Travis went to trial that morning on the day I went to trial. He was at the courthouse when I arrived with my attorney Mr. Travis for trial. Donnell Harris informed Mr. Travis that he was in jail with me at the time I was allegedly charged with Possession of Contraband, and would be glad to testify in my defense that I never had any marijuana, but he was never called to testify-
The only witness identified is Donnell Harris, •and the only allegation concerning the testimony of Donnell Harris is that he would “be glad to testify in my defense that I never had any marijuana.”
For purposes of this discussion, it will be assumed that the appellant was referring to the point in time when marijuana was found in his bunk in the cell when he referred to Donnell Harris being a cellmate at the time he was “charged.” Nowhere in the motion does appellant offer any explanation as to how Donnell Harris would know that he “never had any marijuana.” Alleging that Donnell Harris was a cellmate, along with thirty other prisoners, at the time the marijuana was found, does not establish the competence of Donnell Harris to testify that appellant never had any marijuana. Although we may give considerable leeway to pro se appellants, I do not think this pleading alleges a sufficient factual basis to warrant an evidentiary hearing. Appellant does not allege that Donnell Harris was his constant companion from the time appellant entered the cell.
In my opinion, this motion is facially insufficient to set forth a basis for an evidentiary hearing. It does not seem appropriate to reverse for an evidentiary hearing on a facially insufficient motion, just because the trial judge gave the wrong reason for denying relief.